IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANA A. HINES,** | : |
| **Petitioner,** | : **CIVIL NO. 3:CV-04-1977** |
| v. | : **(JUDGE CAPUTO)** |
| **JOSEPH SMITH, Warden,** | : |
| **Respondent.** | : |

## M E M O R A N D U M

### I.   Introduction

Dana Hines, an inmate at the Federal Prison Camp in Lewisburg ("FPC-Lewisburg"), Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Petitioner has paid the required filing fee.  Named as Respondent is FPC-Lewisburg Warden Joseph Smith.

### II.   Background

Hines was convicted in the United States District Court for the District of Massachusetts (Doc. 9 at 2) for aiding and abetting and for possession of cocaine base with intent to distribute.  (Baumgartel Decl., Doc. 9, Ex. 1, ¶ 4.)  As a result of his conviction, on April 27, 1998 he was sentenced to serve a term of imprisonment of 120 months and five (5) years supervised release.

Since Petitioner has been sentenced to a term of imprisonment which exceeds one (1) year, he is eligible for an award of good conduct time ("GCT") pursuant to the provisions of 18 U.S.C. § 3624(b).  His petition alleges that the BOP has implemented a policy which results in a miscalculation of GCT.   Petitioner claims the purported

miscalculation requires him to serve 87.2% of his sentence, as opposed to the 85% of his sentence which Congress intended in enacting the GCT legislation. Respondent contends that: (1) Petitioner has failed to exhaust his administrative remedies and, in the alternative, (2) the calculation is correct. For the reasons set forth, the petition will be denied.

## III.     Discussion

### A. Exhaustion of Administrative Remedies

It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. *Muhammad v. Carlson*, 739 F.2d 122, 123 (3d Cir. 1984); see also *Young v. Quinlan*, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62.

However, exhaustion is not a jurisdictional requirement, *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995), and failure to exhaust is not an insurmountable bar to consideration of the merits of a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An application for writ of habeas corpus may be denied on the merits, notwithstanding a failure to exhaust state court remedies, and courts may exercise

2

discretion to determine whether comity and federalism will be better served by requiring exhaustion or by addressing the merits of the petition.  *Granberry*, 481 U.S. at 131.  If, for example, the petition presents an unresolved issue of state law, comity and judicial economy may dictate dismissal for failure to exhaust state court remedies to allow the state courts an opportunity to address the issue.  By contrast, if the issue presented by the petition is well-settled, and the petitioner fails to raise a viable claim, the interests of the state courts, federal courts, the petitioner, and the respondents would be best served by disposition of the petition without further state and federal proceedings.  *Id*. at 134-35.  The United States Court of Appeals for the Third Circuit has held that district courts reviewing habeas petitions may dismiss plainly meritless unexhausted claims.  *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1230 (3d Cir. 1992).  Accordingly, although Petitioner has not exhausted his state court remedies on his ex post facto claim, his petition is meritless, and the petition will be addressed on the merits.

### B.  GCT Calculation

The statutory authority for awarding GCT to federal prisoners is set forth in 18 U.S.C. § 3624(b), which provides:

> a prisoner who is serving a term of imprisonment of more than one year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional regulations.

3

The BOP's interpretation of this statute appears in Program Statement 5880.28, which states that "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." *See* Doc. 7, Ex. 2 at 2-3. Thus, at the end of the first year and each full year thereafter, the BOP makes a determination whether, during that year, the prisoner has "displayed exemplary compliance with institutional regulations." (18 U.S.C. § 3624(b)(1)). If so, the BOP subtracts 54 days from the remainder of the term to be served, not from the year already served.

In the final year, the BOP cannot wait until the year's end for the prisoner's GCT determination. Consequently, the statute specifies that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1). Under this calculation, a prisoner is eligible to receive 0.148 (54/365) days of GCT for each day of incarceration, again subject to the "exemplary compliance" standard. 28 C.F.R. § 523.20. Petitioner claims that the BOP interpretation of the phrase "term of imprisonment" in § 3624 is erroneous, and the phrase refers to the prisoner's sentence, rather than the time served.[1] In support of his argument, Petitioner relies, in part, upon *White v. Scibana*, 314 F.Supp.2d 834, 838 (W.D.Wisc. 2004)("White I"), wherein the Western District of Wisconsin ruled that the BOP's GCT calculation method was invalid. The district court held that computation of GCT should be based on a prisoner's sentence rather than the amount of time he has served. However,

---

[1]The Court notes that Petitioner's argument is undermined by the statutory language of 18 U.S.C. § 3624(b)(1), which includes both the phrase "term of imprisonment" and the word "sentence."

4

the Court of Appeals for the Seventh Circuit susequently reversed *White I*, holding that the BOP's interpretation of the statute which awards credit for each year served in prison rather than each year of the sentence imposed was entitled to deference. *White v. Sciabana*, 2004 WL 2749863 *4 (7th Cir. Dec. 2, 2004)("White II"). Consequently, Petitioner's reliance on *White I* is no longer appropriate.

Furthermore, I have previously addressed this issue and rejected the analysis of *White I*. In *Baldwin v. Angeline*, No. 3:CV-03-1144, slip op. (M.D. Pa. April 2, 2004)(Caputo, J.), I approved and adopted a report and recommendation citing *Pacheco-Comacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002), which concluded that "the BOP's interpretation is a reasonable interpretation of 28 U.S.C. § 3624(b)." Moreover, at least four other Judges of this district have reached contrary conclusions to *White I*. Chief Judge Vanaskie of this Court reached a similar determination in *Hill v. Nash*, No. 3:CV-02-1022, slip op. at 3 (M.D. Pa. Jan. 30, 2003)(Vanaskie, C.J.), *aff'd*, No 03-1392, slip op. (3d Cir. Aug 29, 2003)(per curiam). More recently, in *Robinson v. Nash,* No. 3:CV-04-1585, slip op. (M.D. Pa. Nov. 8, 2004)(Conaboy, J.), *Lopez v. Williamson*, No. 1:CV-04-2390, slip op. (M.D. Pa. Dec. 14, 2004)(Jones, J.), and *Hamilton v. Holt,* No. 1:CV-04-2264, slip op. (M.D. Pa. Jan. 4, 2005)(Rambo, J.), Judges Conaboy, Jones and Rambo concurred with the prior decision rendered by Judge Vanaskie. This approach has been upheld by the United States Court of Appeals for the Third Circuit. *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005).

Additionally, in *Loeffler v. Bureau of Prisons*, 2004 WL 2417805 *6 (S.D.N.Y. Oct. 29, 2004), the Southern District of New York similarly rejected the reasoning set forth in

*White I*, concluding that "the statute enacted by Congress is simply silent on this point and gives no specific direction as to the GCT calculation. Accordingly, the Court has no choice but to defer to the BOP's interpretation." "Because . . . 28 C.F.R. § 523.20 was adopted through the notice-and-comment procedure, it is entitled to the full deference mandated by *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 [(1984)]." *Pacheco-Comacho v. Hood*, 272 F.3d 1266, 1268 (9th Cir. 2001).

Moreover, implementation of Hines' proposed method of calculation would require the BOP to continue to monitor his conduct for the full term of his sentence, notwithstanding early release for previously accrued GCT. Such a result is at odds with the GCT scheme set forth in 18 U.S.C. § 3624(b).

**IV.      Conclusion**

Based on a review of the present petition and *White II*, this Court concurs with the approach taken in *Hill*, *Robinson*, *Lopez, Hamilton* and *Loeffler,* and upheld in *O'Donald*.. The Court concludes that the BOP's interpretation of § 3624(b) is "based on a permissible construction of the statute." *Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 843 (1984). Since the BOP's method of computing GCT is neither arbitrary, capricious nor manifestly contrary to the statute, it cannot be rejected. *See Firstland Int'l v. INS*, 377 F.3d 127, 131 (2d Cir. 2004). An appropriate order follows.


Dated: May 6th, 2005                         /s/ A. Richard Caputo
                                                            A. RICHARD CAPUTO
                                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANA A. HINES,** | : |
| | : |
| **Petitioner,** | :  **CIVIL NO. 3:CV-04-1977** |
| | : |
| v. | :  **(JUDGE CAPUTO)** |
| | : |
| **JOSEPH SMITH, Warden,** | : |
| | : |
| **Respondent.** | : |

# **O R D E R**

**AND NOW, THIS 6th DAY OF MAY, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to close this case.

                                                /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge